UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YONY SOSA, ON BEHALF OF HIMSELF AND ALL OTHER PERSONS SIMILARLY SITUATED,<br><br>                    Plaintiffs,<br><br>          v.<br><br>GREATCOLLECTIONS.COM, LLC,<br><br>                Defendant. | No.: 1:20-cv-6978<br><br>**ANSWER TO COMPLAINT** |

Defendant GreatCollections.com, LLC, by its undersigned counsel, respond as follows to the Complaint filed in the above-named action by Plaintiffs, filed on August 27, 2020, as follows:

### INTRODUCTION

1.      Defendant admits the allegations of paragraph 1 of the Complaint.

2.      Defendant has insufficient knowledge to admit or deny the allegations of paragraph 2 of the Complaint.

3.      Defendant admits the allegations of paragraph 3 of the Complaint.

4.      Defendant has insufficient knowledge to admit or deny the allegations of paragraph 4 of the Complaint.

5.      Defendant denies the allegations of paragraph 5 of the Complaint.

6.      Defendant denies the allegations of paragraph 6 of the Complaint.

7.      Defendant denies the allegations of paragraph 7 of the Complaint.

8.     Defendant denies that any discrimination has occurred. Defendant further denies that Defendant's online-only numismatic auction company is a place of public accommodation subject to the ADA and denies that Defendant's website is not compliant with the requirements of the ADA.  Defendant admits the remaining allegations of paragraph 8 of the Complaint.

9.     Defendant denies that Defendant's online-only numismatic auction company offers medical treatment, health care services, food, or other personal or household necessities difficult to obtain during the COVID-19 Pandemic. Defendant admits the remaining allegations of paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10.     Defendant denies that Defendant's online-only numismatic auction company is a place of public accommodation subject to the ADA and denies that Defendant's website is not compliant with the requirements of the ADA.  Defendant admits the allegations as to subject-matter jurisdiction in paragraph 10 of the Complaint.

11.     Defendant denies that Defendant's online-only numismatic auction company is subject to the New York State Human Rights Law (NYSHRL) or the New York City Human Rights Law (NYCHRL). Defendant admits the allegations as to supplemental jurisdiction in paragraph 11 of the Complaint.

12.     Defendant admits the allegations of paragraph 12 of the Complaint.

13.     Defendant admits to personal jurisdiction in the Southern District of New York. Defendant denies the remaining allegations in paragraph 13 of the Complaint.

14.     Defendant has insufficient knowledge to admit or deny the allegations of paragraph 14 of the Complaint.

15.     Defendant admits the allegations of paragraph 15 of the Complaint.

## THE PARTIES

16.     Defendant has insufficient knowledge to admit or deny the allegations of paragraph 16 of the Complaint.

17.     Defendant has insufficient knowledge to admit or deny the allegations of paragraph 17 of the Complaint.

18.     Defendant admits the allegations of paragraph 18 of the Complaint.

19.     Defendant denies that Defendant constitutes a place of public accommodation. Defendant admits that it operates online-only auction company selling numismatic items (coins and currency), and its website further provides consignment services and information about those items offered for sale, including pricing, registering to bid and buy items, return and privacy policies.

20.     Defendant denies the allegations of paragraph 20 of the Complaint.

<u>NATURE OF ACTION</u>

21.     Defendant admits the allegations of paragraph 21 of the Complaint.

22.     Defendant has insufficient knowledge to admit or deny the allegations of paragraph 22 of the Complaint.

23.     Defendant has insufficient knowledge to admit or deny the allegations of paragraph 23 of the Complaint.

24.     Defendant has insufficient knowledge to admit or deny the allegations of paragraph 24 of the Complaint.

25.     Defendant has insufficient knowledge to admit or deny the allegations of paragraph 25 of the Complaint.

26.     Defendant has insufficient knowledge to admit or deny the allegations of paragraph 26 of the Complaint.

<u>STATEMENT OF FACTS</u>

27.     Defendant admits that it owns the website http://www.greatcollections.com/ which operates an online-only auction company selling numismatic items (coins and currency), and the website further provides consignment services and information about those items offered for sale, including pricing, registering to bid and buy items, return and privacy policies. Defendant admits that the website is available to persons throughout the United States, including

New York, and that Defendant delivers purchased items to buyers throughout the United States, including New York.

28.     Defendant denies that Defendant is a place of public accommodation subject to the ADA, NYSHRL or NYCHRL, and denies that Defendant's website is not compliant with the requirements of the ADA, NYSHRL or NYCHRL.

29.     Defendant has insufficient knowledge to admit or deny the allegations of paragraph 29 of the Complaint.

30.     Defendant has insufficient knowledge to admit or deny the allegations of paragraph 30 of the Complaint.

31.     Defendant denies that Defendant is a place of public accommodation subject to the ADA, NYSHRL or NYCHRL, and denies that Defendant's website is not compliant with the requirements of the ADA, NYSHRL or NYCHRL.

32.     Defendant denies that Defendant is a place of public accommodation subject to the ADA, NYSHRL or NYCHRL, and denies that Defendant's website is not compliant with the requirements of the ADA, NYSHRL or NYCHRL.

33.      Defendant denies that Defendant is a place of public accommodation subject to the ADA, NYSHRL or NYCHRL, and denies that Defendant's website is not compliant with the requirements of the ADA, NYSHRL or NYCHRL.

34.     Defendant has insufficient knowledge to admit or deny whether Plaintiff accessed Defendant's website. Defendant denies that Defendant is a place of public accommodation subject to the ADA, NYSHRL or NYCHRL, and denies that Defendant's website is not compliant with the requirements of the ADA, NYSHRL or NYCHRL.

35.     Defendant has insufficient knowledge to admit or deny whether Plaintiff accessed Defendant's website. Defendant denies that Defendant is a place of public accommodation subject to the ADA, NYSHRL or NYCHRL, and denies that Defendant's website is not compliant with the requirements of the ADA, NYSHRL or NYCHRL.

36.     Defendant has insufficient knowledge to admit or deny the allegations of paragraph 36 of the Complaint. Defendant denies that Defendant is a place of public

accommodation subject to the ADA, NYSHRL or NYCHRL, and denies that Defendant's website is not compliant with the requirements of the ADA, NYSHRL or NYCHRL.

37.     Defendant has insufficient knowledge to admit or deny whether Plaintiff accessed Defendant's website. Defendant denies that Defendant is a place of public accommodation subject to the ADA, NYSHRL or NYCHRL, and denies that Defendant's website is not compliant with the requirements of the ADA, NYSHRL or NYCHRL.

38.     Defendant denies that Defendant is a place of public accommodation subject to the ADA, NYSHRL or NYCHRL, and denies that Defendant's website is not compliant with the requirements of the ADA, NYSHRL or NYCHRL.

39.     Defendant denies that Defendant is a place of public accommodation subject to the ADA, NYSHRL or NYCHRL, and denies that Defendant's website is not compliant with the requirements of the ADA, NYSHRL or NYCHRL.

40.     Defendant denies that Defendant is a place of public accommodation subject to the ADA and denies that Defendant's website is not compliant with the requirements of the ADA.

41.     Defendant denies the allegations of paragraph 41 of the Complaint.

42.     Defendant has insufficient knowledge to admit or deny the allegations of paragraph 42 of the Complaint

43.     Defendant denies that Defendant is a place of public accommodation subject to the ADA, NYSHRL or NYCHRL, and denies that Defendant's website is not compliant with the requirements of the ADA, NYSHRL or NYCHRL.

44.     Defendant denies that Defendant is a place of public accommodation subject to the ADA, NYSHRL or NYCHRL, and denies that Defendant's website is not compliant with the requirements of the ADA, NYSHRL or NYCHRL.

45.     Defendant denies the allegations of paragraph 45 of the Complaint.

46.     Defendant denies the allegations of paragraph 46 of the Complaint.

CLASS ACTION ALLEGATIONS

47.     Defendant denies that Defendant is a place of public accommodation subject to the ADA and denies that Defendant's website is not compliant with the requirements of the ADA.  Defendant admits the remaining allegations of paragraph 47 of the Complaint.

48.     Defendant denies that Defendant is a place of public accommodation subject to the ADA and denies that Defendant's website is not compliant with the requirements of the ADA.  Defendant admits the remaining allegations of paragraph 48 of the Complaint.

49.     Defendant denies that Defendant is a place of public accommodation subject to the ADA and denies that Defendant's website is not compliant with the requirements of the ADA.  Defendant admits the remaining allegations of paragraph 49 of the Complaint.

50.     Defendant denies that Defendant is a place of public accommodation subject to the ADA, NYSHRL or NYCHRL. Defendant admits the remaining allegations of paragraph 50 of the Complaint.

51.     Defendant denies that Defendant is a place of public accommodation subject to the ADA, NYSHRL or NYCHRL. Defendant admits the remaining allegations of paragraph 51 of the Complaint.

52.     Defendant has insufficient knowledge to admit or deny the allegations of paragraph 52 of the Complaint.

53.     Defendant admits the allegations of paragraph 53 of the Complaint.

## FIRST CUASE OF ACTION

### VIOLATIONS OF THE ADA, 42 U.S.C. §12181 *et seq.*

54.     Defendant reasserts its answers to paragraphs 1 – 53 of the Complaint.

55.     Defendant admits the allegations of paragraph 55 of the Complaint.

56.     Defendant denies that Defendant is a place of public accommodation subject to the ADA and denies that Defendant's website is not compliant with the requirements of the ADA.  Defendant admits the remaining allegations of paragraph 56 of the Complaint.

57.     Defendant denies that it is a place of public accommodation within the definition of Title II of the ADA, 42 U.S.C. §12181(7). Defendant denies that its website is "a service, privilege, or advantage" of Defendant's online auction house as defined by the ADA.

58.     Defendant denies that Defendant is a place of public accommodation subject to the ADA and denies that Defendant's website is not compliant with the requirements of the ADA.  Defendant admits the remaining allegations of paragraph 58 of the Complaint.

59.     Defendant denies that Defendant is a place of public accommodation subject to the ADA and denies that Defendant's website is not compliant with the requirements of the ADA.  Defendant admits the remaining allegations of paragraph 59 of the Complaint.

60.     Defendant denies that Defendant is a place of public accommodation subject to the ADA and denies that Defendant's website is not compliant with the requirements of the ADA.  Defendant admits the remaining allegations of paragraph 60 of the Complaint.

61.     Defendant denies that Defendant is a place of public accommodation subject to the ADA and denies that Defendant's website is not compliant with the requirements of the ADA.  Defendant has insufficient knowledge to admit or deny the allegations of paragraph 61 of the Complaint.

62.     Defendant denies the allegations of paragraph 62 of the Complaint.

<u>SECOND CAUSE OF ACTION</u>

VIOLATIONS OF THE NYSHRL

63.     Defendant reasserts its answers to paragraphs 1 – 62 of the Complaint.

64.     Defendant denies that Defendant is a place of public accommodation subject to the NYSHRL, and denies that Defendant's website is not compliant with the requirements of the NYSHRL.  Defendant admits the remaining allegations of paragraph 64 of the Complaint.

65.     Defendant denies that its website is a place of public accommodation subject to the NYSHRL, and denies that Defendant's website is not compliant with the requirements of the NYSHRL.  Defendant denies that its website is a "service, privilege or advantage" of Defendant's online auction house as defined by the NYSHRL.

66.     Defendant denies the allegations of paragraph 64 of the Complaint.

67.     Defendant denies the allegations of paragraph 67 of the Complaint.

68.     Defendant denies that Defendant is a place of public accommodation subject to the NYSHRL, and denies that Defendant's website is not compliant with the requirements of the NYSHRL.  Defendant admits the remaining allegations of paragraph 68 of the Complaint.

69.     Defendant denies that Defendant is a place of public accommodation subject to the NYSHRL, and denies that Defendant's website is not compliant with the requirements of the NYSHRL.  Defendant admits the remaining allegations of paragraph 69 of the Complaint.

70.     Defendant has insufficient knowledge to admit or deny the allegations of paragraph 70 of the Complaint.

71.     Defendant denies the allegations of paragraph 71 of the Complaint.

72.     Defendant denies the allegations of paragraph 72 of the Complaint.

73.     Defendant denies the allegations of paragraph 73 of the Complaint.

74.     Defendant denies the allegations of paragraph 74 of the Complaint.

75.     Defendant denies the allegations of paragraph 75 of the Complaint.

76.     Defendant denies the allegations of paragraph 76 of the Complaint.

77.     Defendant denies the allegations of paragraph 77 of the Complaint.

<u>THIRD CAUSE OF ACTION</u>

VIOLATIONS OF THE NYCHRL

78.     Defendant reasserts its answers to paragraphs 1 – 77 of the Complaint.

79.     Defendant denies that Defendant is a place of public accommodation subject to the NYCHRL, and denies that Defendant's website is not compliant with the requirements of the NYCHRL.  Defendant admits the remaining allegations of paragraph 79 of the Complaint.

80.     Defendant denies that its website is a place of public accommodation subject to the NYCHRL, and denies that Defendant's website is not compliant with the requirements of the NYCHRL.  Defendant denies that its website is a "service, privilege or advantage" of Defendant's online auction house as defined by the NYCHRL.

81.     Defendant denies the allegations of paragraph 81 of the Complaint.

82.     Defendant denies the allegations of paragraph 82 of the Complaint.

83.     Defendant denies the allegations of paragraph 83 of the Complaint.

84.     Defendant denies the allegations of paragraph 84 of the Complaint.

85.     Defendant denies the allegations of paragraph 85 of the Complaint.

86.     Defendant denies the allegations of paragraph 86 of the Complaint.

87.     Defendant denies the allegations of paragraph 87 of the Complaint.

88.     Defendant denies the allegations of paragraph 88 of the Complaint.

89.     Defendant denies the allegations of paragraph 89 of the Complaint.

90.     Defendant denies the allegations of paragraph 90 of the Complaint.

<u>FOURTH CAUSE OF ACTION</u>

DECLARATORY RELIEF

91.     Defendant reasserts its answers to paragraphs 1 – 90 of the Complaint.

92.     Defendant denies the allegations of paragraph 92 of the Complaint.

93.     Defendant denies the allegations of paragraph 93 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Cause of Action)

The claims asserted by Plaintiff and the Class are barred, in whole or in part, for failure to plead facts sufficient to establish his claims and the relief sought.

**SECOND AFFIRMATIVE DEFENSE**

(Statute of Limitations)

The claims asserted by Plaintiff and the Class asserted in the Complaint are barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

(Standing)

Plaintiff lacks standing to bring the claims asserted in the Complaint because Plaintiff did not attempt and was unable to register and participate in an auction through Defendant's website.

### FOURTH AFFIRMATIVE DEFENSE

By statute, the provisions of the ADA do not apply nor is Defendant's online-only company a place of public accommodation under the ADA.

### FIFTH AFFIRMATIVE DEFENSE

By statute, the provisions of the NYSHRL do not apply nor is Defendant's online-only company a place of public accommodation under the NYCHRL.

### SIXTH AFFIRMATIVE DEFENSE

By statute, the provisions of the NYSHRL do not apply nor is Defendant's online-only company a place of public accommodation under the NYCHRL.

### SEVENTH AFFIRMATIVE DEFENSE

(Res Judicata)

The claims asserted by Plaintiff and the Class asserted in the Complaint are barred by the doctrine of Res Judicata.

### EIGHTH AFFIRMATIVE DEFENSE

(Judicial and Collateral Estoppel)

The claims asserted by Plaintiff and the Class asserted in the Complaint are barred by the doctrines of judicial and collateral estoppel.

### NINTH AFFIRMATIVE DEFENSE

(Reservation of Defenses)

Defendant's discovery and investigation is ongoing and Defendant reserves the right to assert additional affirmative defenses and counterclaims and to supplement, alter or change this response upon revelation of more definitive facts.

1

2   Dated: December 17, 2020

3                                        _/s/Armen R. Vartian_____
                                         Armen R. Vartian (AV4124)
4                                        LAW OFFICES OF ARMEN R. VARTIAN
                                         1601 N. Sepulveda Blvd., #581
5                                        Manhattan Beach, CA 90266
                                         310-372-1355
6                                        armen@vartianlaw.com

7
                                         **Attorney for Defendant**
8

9   To:

10  VIA ECF
    Jeffrey M. Gottlieb
11  Dana L. Gottlieb
    GOTTLIEB & ASSOCIATES
12  150 East 18th St., Ste PHR
    New York, NY 10003
13  313-338-9795
    Jeffrey@gottlieb.legal
14  danalgottlieb@aol.com
15
    *Attorneys for Plaintiff*
16

17

18

19

20

21

22

23

24

25

26

27

28